IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. JOHNSON, *et al*,<br><br>    Plaintiffs,<br><br>  v.<br><br>STEVEN L. MYERS dba MYERS ENGINEERING INTERNATIONAL INC., and MYERS ENGINEERING INTERNATIONAL, INC.,<br><br>    Defendants.<br>                                               / | No. C 11-00092 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES** |

**INTRODUCTION**

In this derivative action for breach of contract, defendants move pursuant to California Civil Code Section 1717, for attorney's fees and non-taxable costs in an amount estimated to be $89,162.50, to be assessed against each of the nineteen plaintiffs herein jointly and severally. For the reasons stated below, the motion is **DENIED**.

**STATEMENT**

The following nineteen plaintiffs, then represented by counsel, filed a shareholder derivative lawsuit against defendants Steven L. Meyers and Myers Engineering International, Inc. ("MEI"): James R. Johnson, Terrence Sims, Heather Sims, Joslyn Johnson-Benning, Willie Benning, Richard Gaddes, Robert Hartenstein, Deb Hartenstein, Todd D. Severin, Hans P. Schroeder, Michael Bilich, Lance Goddard, Joan Goddard, Michael Moffett, Marian Moffett, James M. Ross, William Schneider, Valerie Schneider, and Stephen Schneider. All nineteen plaintiffs are former stockholders of Myers-Johnson Inc. ("MJI"), a California corporation co-

founded by plaintiff Johnson and defendant Myers, and Vortis Technology Ltd. ("VTL"), a Scotland company that purchased MJI around 2005. MJI focused exclusively on developing an Interferometric Antenna Array Technology ("the Antenna") for cellular phones.

The original complaint alleged claims for (1) breach of fiduciary duty; (2) misrepresentation and concealment; (3) fraudulent misrepresentation and concealment; (4) negligence; (5) breach of contract; (6) violation of California's Business and Professions Code Section 17200, *et seq*., (7) setting aside/cancelling the sale of the antenna; (8) conversion; (9) claim to recover technology from shareholder; and (10) injunctive relief against defendants.

All of the claims related to plaintiffs' underlying allegation that defendants had improperly caused VTL, to be liquidated and the Vortis Interferometric Antenna Array Technology ("Technology") to be sold to defendants in liquidation proceedings occurring in Scotland. The breach of contract claim alleged "Myers breached the [Technology Assignment Agreement] TAA by failing or refusing to perform his obligations thereunder and by acquiring purported ownership and control of the . . . Technology through the unnecessary and bogus liquidation proceedings initiated by or on behalf of defendants" (Compl. ¶ 48). The original complaint included a claim for reasonable attorney's fees in its allegation concerning the TAA and in the prayer for relief.

By order dated September 30, 2011, Judge Jeremy Fogel, originally assigned to this action, held that plaintiffs' claims were derivative claims that belonged to Vortis and dismissed all of the claims with prejudice, except for plaintiffs' claim for breach of contract based on the TAA (Dkt. No. 26 at 15, 18). As to the breach of contract claim, the order concluded that plaintiffs failed to allege in the complaint with particularity that they made a pre-filing demand on the board of directors, as is required by California Corporations Code Section 800(b)(2), so the claim was "subject to dismissal, with leave to amend" (Dkt. No. 26 at 17). The order also concluded that the complaint failed to reference defendant MEI, so the breach of contract claim was dismissed as to MEI for lack of personal jurisdiction (*id*. at 9–10). Plaintiffs were granted leave to amend to cure both deficiencies.

2

The action was reassigned to the undersigned judge on September 27, 2011. Plaintiffs filed a motion for leave to amend. The proposed first amended complaint contained an allegation for breach of contract based on the TAA and Partnership, Business, Development and Technology Transfer Agreement ("PBDTTA"), an agreement entered into between defendant Myers and plaintiff Johnson, which does not contain an attorney's fee provision. The proposed first amended complaint attached both agreements as exhibits. Like the original complaint, the proposed first amended complaint included a claim for reasonable attorney's fees in its allegation concerning the TAA and in the prayer for relief.

The TAA contains the following provision regarding attorney's fees (Dkt. No. 37 at 22):

> This Agreement shall be deemed to have been made in, and shall be construed pursuant to the laws of the State of California and the United States without regard to conflicts of laws provisions thereof. The prevailing party in any action to enforce this Agreement shall be entitled to recover costs and expenses, including without limitation, reasonable attorney's fees.

The TAA was signed by defendant Myers and plaintiff Johnson, on behalf of MJI. The PBDTTA states it is "governed and construed in accordance with the laws of the State of California with respects to corporation matters" (Dkt. No. 37-1 at 6). It is signed by plaintiff Johnson and defendant Myers.

By order dated March 21, 2012, plaintiffs' motion for leave to file the first amended complaint was denied with prejudice "[b]ecause no claim for breach of contract can be made without showing the demand requirement was met" and plaintiffs have "come up short" (Dkt. No. 68 at 8). In early April, defense counsel conferred with Attorney Stephan Barber, plaintiffs' counsel at the time regarding defendants' intent to file a motion for attorney's fees. Attorney Barber indicated that he disagreed with the legal basis for bringing the instant motion (Dkt. No. 70-1 at 3).[*] Defendants Steven L. Myers and Myers Engineering International, Inc., filed the instant motion. Plaintiff Johnson, proceeding *pro se*, has opposed. This order follows full

---

[*] By order dated March 15, 2012, plaintiffs' counsel's motion to withdraw as counsel was granted, but counsel was permitted to withdraw only after the issuance of the order on the motion for leave to file an amended complaint, which was pending at the time. The order on that motion issued March 21, 2012. No notice of withdrawal has been filed by plaintiffs' counsel.

3

1 briefing and a hearing. At the hearing, plaintiff Johnson represented himself. No other plaintiffs
2 were in attendance.

### ANALYSIS

Defendants seeks attorney's fees and non-taxable costs pursuant to California Civil Code Section 1717. In relevant part, Section 1717(a) states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Thus, under Section 1717, a party claiming entitlement to attorney's fees and costs must show: (1) the action was an action "on the contract"; (2) they are the prevailing party; and (3) the fees claimed are reasonable. This order concludes that defendants are not the prevailing party on the contract claim and therefore are not entitled to an award of attorney's fees.

**1. ACTION "ON THE CONTRACT."**

Plaintiffs included a claim for breach of contract — namely the TAA — and attorney's fees based on that claim in both the original and proposed first amended complaint. Thus, defendants contend, the action was an action "on the contract." Plaintiff Johnson argues that the "overall focus of the complaint at issue was on criminal concealment during liquidation and fiduciary breach from a technologist against his partners" and that only one of the claims in the original complaint was for breach of contract (Opp. 3). Thus, plaintiff Johnson contends that this action does not qualify as an action "on the contract" within the meaning of Section 1717 because the breach of contract claim was collateral to the core allegations. Plaintiff Johnson cites no legal authority in support of his contention.

Section 1717, on its face, applies "[i]n any action on a contract." California courts have construed the term "on a contract" liberally. "As long as the action involve[s] a contract it is on [the] contract within the meaning of section 1717." *Turner v. Schultz*, 175 Cal. App. 4th 974, 979–80 (2009). Furthermore, California courts have held that "[w]here an attorney's fee clause provides for an award of fees incurred in enforcing the contract, the prevailing party is entitled to

4

1 fees for any action on the contract, whether incurred offensively or defensively." *Id.* at 980.
2 Plaintiffs' complaints (both the original and proposed first amended) involved an action on a
3 contract, namely for defendant Meyer's breach of the TAA.

4 By order dated September 30, 2011, Judge Fogel dismissed all of plaintiffs' claims with
5 prejudice and only permitted plaintiffs leave to amend their claim for breach of contract. Thus,
6 the breach of contract claim has been the sole claim at issue since September 30. The order
7 concludes that within the meaning of Section 1717, this was an action on the contract, for which
8 attorney's fees and costs can properly be sought.

### 2. PREVAILING PARTY.

10 The next question is whether defendants Myers and MEI are the prevailing parties on the
11 contract. When it was enacted in 1968, Section 1717 defined "prevailing party" as "the party in
12 whose favor final judgment is rendered." *Elms v. Builders Disbursements*, 232 Cal. App. 3d
13 671, 673 (1991). In 1981, the Legislature amended Section 1717 to authorize a determination of
14 the prevailing party "whether or not the suit proceeds to final judgment." *Id*. at 674. Now, the
15 prevailing party is defined as the "party who recovered a greater relief in the action on the
16 contract." CAL. CIV. CODE 1717(b)(1).

17 Defendants argue that a defendant is a prevailing party for purposes of Section 1717 even
18 when the defendant obtains dismissal on technical grounds (Opp. at 7–8). Defendants urge that
19 even though the merits of plaintiff's contract claim was not addressed in this shareholder
20 derivative action that they should nonetheless be deemed the prevailing party. This order
21 disagrees.

22 In support of their position, defendants rely on two California state court decisions
23 wherein the courts deemed defendants to be the prevailing party within the meaning of Section
24 1717 even though the actions were dismissed prior to reaching the merits of the claim. In *Elms,*
25 a breach of contract suit against a builder, the court held that defendant, who obtained dismissal
26 of plaintiffs' contract claim based on plaintiffs' failure to bring the case to trial within five years,
27 was the prevailing party and entitled to attorney's fees under Section 1717. The court reasoned
28 that the most a defendant can hope for is to have the claim against it thrown out completely. 232

5

Cal. App. 3d at 674. Thus, because plaintiffs were denied all their relief, defendant was deemed to be the prevailing party within the meaning of Section 1717. *Ibid.* In *Profit Concepts Mgmt., Inc. v. Griffith*, a breach of contract action by an employer, the court held that the defendant who obtained dismissal of the action based on the court's order granting a motion for lack of personal jurisdiction was the prevailing party within the meaning of Section 1717. 162 Cal. App. 4th 950, 955–56 (2008). Both of these actions, however, were individual actions. Neither were derivative shareholder actions, which are similar to class actions in that a plaintiff is suing in a representative manner.

Defendants also rely on *Donner Mgmt. Co. v. Schaffer*, a derivative action where the court concluded defendant was the prevailing party for purposes of Section 800 of the Corporations Code even though plaintiff voluntarily dismissed the action. 142 Cal. App. 4th 1296, 1310 (2006). That case is not persuasive here as Section 1717 specifically states there "shall be no prevailing party for purposes of this section" in the case of a voluntary dismissal.

Finally, defendants cite to *Hsu v. Abbara*, a breach of real estate contract action, wherein the court reached the merits of the contract claim and concluded, "[w]hen a defendant obtains a simple, unqualified victory by defeating the only contract claim in the action, Section 1717 entitles the successful defendant to recover reasonable attorney's fees incurred in defense of that claim if the contract contained a provision for attorney's fees." 9 Cal. 4th 863, 877 (1995).

Here, each of plaintiffs' claims against defendants were dismissed with prejudice, except for the breach of contract claim, which was dismissed without prejudice. As to the breach of contract claim, the motion for leave to file an amended complaint was denied because plaintiffs failed to show the demand requirement was met. Thus, judgment was entered in favor of defendants.

Without a showing that the demand requirement was met, the Court was unable to reach the merits of plaintiffs' contract claim. Plaintiffs were, therefore, unable to obtain a decision on the merits of that claim. None of the decisions relied on by defendants in support of a finding of prevailing party status under Section 1717 in the absence of a decision on the merits are in the context of a shareholder derivative action. In the absence of authority directly on point, the

Court is not persuaded that in the context of a shareholder derivative action, where plaintiffs were not able to have their day in court and have the merits of their contract claim litigated, that it is required to find that defendants were the prevailing party on the unlitigated contract claim. Thus, the order concludes for purposes of Section 1717 that defendants were not the prevailing party on the contract claim in this derivative action. The order need not reach plaintiff's argument that 28 U.S.C. 1919 governs the award of attorney's fees and costs or the issue of whether all nineteen plaintiffs are liable for fees.

## CONCLUSION

For the above-stated reasons, defendants' motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 29, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE