IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES R. JOHNSON, *et al.*

    Plaintiffs,

v.

STEVEN L. MYERS, *et al.*

    Defendants.

No. C 11-00092 WHA

**FURTHER ORDER RE ATTORNEY'S FEES**

On May 29, 2012, an order denied defendants' motion for attorney's fees (Dkt. No. 80). On March 7, 2014, our court of appeals reversed the order, ruling that defendants were the prevailing party in this action under California Civil Code Section 1717 for purposes of their entitlement to attorney's fees (Dkt. No. 91).

On March 10, both sides were requested to file briefing on how to proceed in light of the reversal. While defendants requested leave to submit an application for attorney's fees, plaintiffs failed to contest defendants' entitlement to attorney's fees or otherwise respond. Accordingly, the Court filed an order that established procedures for determining the attorney's fees award. In response, defendants filed a detailed declaration in support of their request for $119,679.51 in attorney's fees and non-taxable expenses. In reply, plaintiffs claim that defendants are not entitled to any attorney's fees, or alternatively, that defendants should only receive a fixed amount. In addition, plaintiffs assert that only plaintiff James Johnson should be liable for any attorney's fees award won by defendants.

Specifically, plaintiffs argue that defendants are not entitled to attorney's fees under Section 1717 because they have not established the reciprocity requirement under the statute. They alternatively claim that defendants are only entitled to a percentage of their attorney's fees request because only one of the nine claims in the action was contract-based. Finally, they argue that defendants are only entitled to a percentage of their attorney's fees request because they won a procedural, rather than substantive, victory. Plaintiffs could have made these arguments regarding entitlement to our court of appeals. This order interprets the decision from our court of appeals to hold that defendants are entitled to all reasonable fees incurred.

The March 31 attorney's fees and costs order continues to apply. The next step is for both parties to meet-and-confer in person to try and resolve the differences as to the amount of fees (Dkt. No. 95 ¶ 10).

Defendants shall also file a brief, no longer than five pages, by **NOON ON MAY 16, 2014**, in response to plaintiffs' request that only plaintiff James Johnson should be liable for the attorney's fees award due to the fact that he was the "driver" of the litigation and the other plaintiffs were merely "passive investors."

**IT IS SO ORDERED.**

Dated: May 6, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE