IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES R. JOHNSON, *et al.*,

    Plaintiffs,

v.

STEVEN L. MYERS dba MYERS ENGINEERING INTERNATIONAL INC., and MYERS ENGINEERING INTERNATIONAL, INC.,

    Defendants.

No. C 11-00092 WHA

**FURTHER ORDER RE ATTORNEY'S FEES AND COSTS**

## INTRODUCTION

In this derivative action for breach of contract, plaintiffs request that the award of attorney's fees be limited to a single plaintiff and not to all plaintiffs jointly. For the following reasons, the request is **DENIED.**

## STATEMENT

The background of this action is set forth in a prior order (Dkt. No. 68). On March 21, 2012, the last of plaintiffs' claims was dismissed with prejudice. Defendants then moved for attorney's fees. On May 29, 2012, an order denied defendants' motion (Dkt. No. 80). On March 7, 2014, our court of appeals reversed the order, ruling that defendants were the prevailing party in this action under California Civil Code Section 1717 for purposes of their entitlement to attorney's fees (Dkt. No. 91). On March 10, both sides were requested to file briefing on how to

proceed in light of the reversal. The remaining questions for resolution are (1) whether liability for defendants' attorney's fees should fall solely on plaintiff James Johnson, or whether it should fall jointly on all plaintiffs, and (2) the amount of fees owed following the appeal.

**ANALYSIS**

**1.    REQUEST TO LIMIT FEES TO A SINGLE PLAINTIFF.**

Without submitting any more concrete authority, plaintiffs ask the Court "under its broad equitable powers, to order that the award of attorney's fees will be solely against plaintiff James R. Johnson" (Opp. 9). Plaintiff Johnson has submitted a declaration stating that he "approve[s] [of] the arguments that [plaintiffs' counsel] makes in the opposition that any liability for attorney['s] fees ordered by this Court be made only against [him]" (Johnson Decl. 2). Plaintiffs argue that Johnson was the "driver" of the litigation, whereas other plaintiffs were merely "passive investors willing to risk their investment, but nothing else" (Opp. 9).

Having reviewed each parties' arguments and the applicable case law, this order holds that the request to limit the attorney's fees to a single plaintiff is **DENIED**. Regardless of whether plaintiff Johnson was the "driver" of the litigation, each and every plaintiff played a role in making the action possible. The day that plaintiffs signed on to the lawsuit was the day that they stopped being "passive investors" and instead became litigants.

The state court of appeal decision *Brusso v. Running Springs Country Club, Inc.*, 228 Cal. App. 3d 92 (Ct. App. 1991), is instructive. In *Brusso*, minority shareholders in a corporation brought a shareholders' derivative suit against the majority shareholders. Only one of the plaintiffs was a signatory to the contract at issue containing an attorney's fees provision. Following dismissal of plaintiffs' claims, they argued that a single plaintiff should bear the attorney's fees and costs. The trial court, however, found all of the plaintiffs liable pursuant to California Civil Code Section 1717. The state court of appeal affirmed, stating:

> The remaining plaintiffs did not sign the contracts. . . . Nonetheless, they can still be held liable as nonsignatory plaintiffs for the payment of fees to signing defendants. . . . Defendants here were sued on contracts containing attorney's fees provisions and were forced to defend the contract causes of action. It would be 'extraordinarily inequitable' to deny them attorney's fees because plaintiffs who are not signatories chose to sue on the contracts in an

2

> action on behalf of the corporation when the corporation would not bring suit itself.

*Id.* at 109–110 (internal citations omitted).

*Brusso* further observed "the nonsignatory plaintiffs would have had a right to receive fees under the substantial benefit doctrine had they prevailed." *Id.* at 111. That doctrine, "permits the shareholders to recover attorney's fees in a successful derivative suit . . . as long as [the action] provided a substantial benefit to the corporation." *Id.* at n.7. In other words:

> [H]ad defendants lost, they would have been liable to plaintiffs for damages and fees under the contract, thereby creating a benefit to the corporation in the form of a common fund from which all plaintiffs could have recovered their fees. Therefore, . . . the trial court correctly awarded fees to the signatory defendants from the nonsignatory plaintiffs under the mutuality theory of . . . section 1717, doing so on the grounds that, had plaintiffs prevailed, they would have been entitled to attorney's fees pursuant to the substantial benefit doctrine.

(*Id.* at 111.)

Here, plaintiffs' action is analogous to *Brusso*, with one immaterial difference. As in *Brusso*, only a single plaintiff, Johnson, was a signatory to the agreement containing the attorney's fees provision, yet all plaintiffs attempted to bring a derivative action because the contractual rights they asserted under the Technology Assignment Agreement belonged to the company, Vortis Technology, Ltd., not the individual shareholders (Dkt. No. 26 at 17).

This action is distinguishable from *Brusso* in that plaintiffs failed to meet the shareholder standing requirement of Section 800(b)(2) of the California Corporations Code in either their original or proposed amended complaints. Here, plaintiffs failed to allege with particularity that they made a pre-filing demand on the board of directors to secure such action as plaintiffs requested, or that such demand was futile. For the purposes of this attorney's fees motion, it is a distinction without a difference. Plaintiffs launched this lawsuit with "their eyes wide open." Had plaintiffs met the pleading requirement and prevailed in the action, they too would have had the right to recover attorney's fees under the substantial benefit doctrine. Accordingly, it would be inequitable to limit defendants' attorney's fees recovery to the assets of a single plaintiff when every litigant was invested in the outcome of the action and aspired to win money. Plaintiffs' request to limit the attorney's fees award to a single plaintiff is **DENIED**.

3

If Johnson wants to pay for all the attorney's fees and costs himself, good for him; meanwhile, all are joint and severally liable and defendants are authorized to seize assets as needed to collect.

   **2.    FURTHER ATTORNEY'S FEES AND COSTS.**

There is no dispute between the parties herein as to the amount of fees and costs incurred up until the point following the decision of our court of appeals. The agreed upon amount is $111,719.51 (Coulond Decl. ¶ 5). This amount is hereby **ORDERED**.

Defendants may submit a supplemental application for fees covering *only* the work they have done since the appeal. In their April 18 application for attorney's fees, defendants estimate that amount to be $7,500. Defendants have until **MONDAY, JUNE 2, 2014, AT NOON** to submit their supplemental application. Plaintiffs have until **FRIDAY, JUNE 6, 2014, AT NOON** to contest defendants' supplemental application. If no agreement is reached, a special master shall be appointed at the expense of the parties. If the parties cannot agree on a special master, then the Court shall select a special master.

**IT IS SO ORDERED.**

Dated: May 28, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE