1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES R. JOHNSON, *et al.*,

       Plaintiffs,

  v.

STEVEN L. MYERS dba MEYERS
ENGINEERING INTERNATIONAL INC.,
an MYERS ENGINEERING
INTERNATIONAL INC.,

       Defendants.

_____/

No. C 11-00092 WHA

**ORDER DENYING MOTION
FOR RECONSIDERATION**

On November 17, 2014, the undersigned judge received plaintiff James R. Johnson's motion to reconsider and deny the latest award of postjudgment attorney's fees and costs. Although Johnson is represented by Attorney Charles John Smith III, Johnson has submitted the present motion as a "pro per" litigant (Dkt. No. 117).

In brief, Johnson's motion comes after the following events. On October 2, 2014, defendants moved for an additional $15,572 amount in attorney's fees and costs, on top of the $122,598.91 already awarded to defendants in two earlier orders. The additional $15,572 amount stems from defendants' attempts to collect on the earlier award of $122,598.91. Plaintiffs had until October 16, 2014, to oppose defendants' motion for the additional $15,572 amount, but that deadline came and went without any response by plaintiffs. An order dated November 5, 2014, nonetheless extended plaintiffs' deadline to oppose or otherwise file a statement of nonopposition by November 10, 2014, instructing plaintiffs that "they may be

ordered to pay the additional $15,572 amount requested by defendants" if they failed to oppose or file a statement of nonopposition to defendants' motion.  Even so, the November 10 deadline passed without any response by plaintiffs.  An order dated November 12, 2014, therefore granted defendants' motion to award the additional $15,572 amount (*see* Dkt. Nos. 114–16).

Now, Johnson's reconsideration motion seeks (among other items) to recognize "Plaintiff [as having] satisfied the Courts in payment of $122,598.91 (plus) and to recognize that the after-judgment attorney fees are from Entrepreneurial Attorneyship and should be removed while finally recognizing that further payment based on miss-information [sic] in settlement is wrong, harmful and unjust" (Dkt. No. 117 at 4–5).

For two reasons, the reconsideration motion is **DENIED**.  *First*, in governing reconsideration motions, Civil Local Rule 7-9(a) requires that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  But to date, Johnson has requested no such leave.

*Second*, even if leave had been requested and given to Johnson in compliance with Rule 7-9(a), this order finds no proper ground for reconsideration here.  Under Rule 7-9(b), "[a] motion for leave to file a motion for reconsideration must be made in accordance with the requirements of Civil L.R. 7-9," showing "reasonable diligence in bringing the motion[] and one of the following" three grounds:

> (1)   That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2)   The emergence of new material facts or a change of law occurring after the time of such order; or

> (3)   A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

But Johnson has not shown that any of the above three grounds applies in this matter. Instead, his reconsideration motion alleges that defendants' counsel committed a number of misrepresentations and purported wrongs *before* defendants moved for the additional $15,572

United States District Court

For the Northern District of California

2

amount.  For example, according to Johnson's reconsideration motion, defense attorney Christopher Charles Cooke allegedly stated "[i]n a July 18th email" that "MJI . . . no longer exists" (Dkt. No. 117 at 6).  There is no affidavit or declaration to support this allegation.  Nor does Johnson address what reasonable diligence he exercised in making such an allegation now, what "new material facts" have occurred since the November 12 order, or what "manifest failure" was committed with the November 12 order.  Civ. L.R. 7-9(b).

Accordingly, Johnson's reconsideration motion is **DENIED**.


**IT IS SO ORDERED.**


Dated:  November 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3